UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA                    CRIM. ACTION NO.  3:15-00091-06

VERSUS                                       JUDGE TERRY A. DOUGHTY

KIMONI MCMURRAY                             MAG. JUDGE KAREN L. HAYES

MEMORANDUM ORDER

Pending before the Court is a Letter/Motion filed by Defendant Kimoni McMurray ("McMurray") requesting home confinement and/or compassionate release based on concerns related to the COVID-19 pandemic [Doc. No. 172]. The United States has filed a response.  [Doc. No. 177].

McMurray was charged in an eleven-count indictment for various drug trafficking offenses on April 23, 2015. [Doc. No. 1]. He pled guilty to Count 1 charging him with conspiracy to distribute and to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, on August 13, 2015. [Doc. No. 83]. Between June 2012 and July 2014, McMurray and others charged in the instant case as well as in *United States v. Quincy Hoover, et al.*, Crim. No. 5:14-cr-00145-01-07, were responsible for the distribution of 995 gross grams of cocaine.

As detailed in the Pre-Sentence Report [Doc. No. 127], McMurray's criminal history involved prior drug trafficking convictions. He previously pled guilty on the same date to three different offenses – Possession of Cocaine with the Intent to Distribute, Distribution of Cocaine, and Possession with the Intent to Distribute Marijuana – and as a result, McMurray was classified

1

as a Career Offender. [See Id., ¶¶ 26-30].  McMurray was sentenced to 108 months imprisonment and three years supervised release.  [Doc. Nos. 130 and 136].

On April 24, 2020, McMurray filed a pro se letter/motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for "resentencing and release to home confinement due to the ... outbreak of the COVID-19 virus." [Doc. No. 172]. McMurray claims that his underlying conditions of having a history of heart disease with acute asthma and continual bronchitis place him at increased risk to become infected by the virus at Forrest City Low FCI. *Id*. It is unclear whether McMurray seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) or release to home confinement because he cites § 3582, but asks for home confinement release rather than a sentence reduction.

Given the issues raised and the known threat from the Covid-19 pandemic, the Court ordered the United States to file a response no later than May 19, 2020.  [Doc. No. 174].  The United States complied with that directive and filed its opposition [Doc. No. 177] on May 12, 2020.

The United States asserts that, to the extent McMurray seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), his motion should be dismissed for lack of jurisdiction because he has not exhausted administrative remedies.  Alternatively, the United States asserts that, to the extent McMurray's motion can be construed as a request for release to home confinement rather than compassionate release, the motion should similarly be dismissed, as decisions regarding where prisoners will serve their sentences are reserved exclusively to the Bureau of Prisons ("BOP").

*Request for compassionate release*

McMurray's letter could be interpreted as making a request for compassionate relief. "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United*

*States*, 560 U.S. 817, 825 (2010). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), such as that presented by McMurray; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Relevant here, under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with guideline policy statements. Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed, the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after requesting release, but there is "the lapse of 30 days from the receipt ... of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal ... or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. This mandatory statutory exhaustion requirement provides no exceptions.

In this case, however, McMurray does not indicate that he has even made a request to the Warden. He does not assert that any request (if made) was denied.

While the Court is well aware of the effects the Covid-19 pandemic and the particular concerns in the BOP, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse McMurray's failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief McMurray requests. *See generally, Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.").

Because he has not yet exhausted administrative remedies, this Court must dismiss his motion for lack of jurisdiction. *See, e.g., United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020); *United States v. Koons*, Crim. No. 16-214, 2020 WL 1940570 (W.D. La. Apr. 21, 2020) ("The Court's finding that, absent exhaustion, it lacks jurisdiction to proceed with this motion is in accord with other Louisiana federal district courts, as well as myriad district courts.")

*Request for home confinement under the CARES Act*

McMurray's letter requests home confinement.  The Director of the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the

4

Attorney General made such a finding, stating that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP, so that the BOP director now has authority to grant home confinement to a larger grouper of prisoners. *See* Attorney General's Apr. 3, 2020, Memorandum to Director, Bureau of Prisons.[1]

Decisions regarding prisoner designations, including release to home confinement, are reserved exclusively to BOP, as they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court). Courts have no authority to dictate prisoner placements, and BOP's prisoner designations are not subject to judicial review. *Id.* ("The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.... A designation of a place of imprisonment under this subsection is not reviewable by any court"). *See e.g., Siebert v. Chandler*, 586 F. App'x 188, 189 (5th Cir. 2014) ("Moreover, a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment."), citing *Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983) and 18 U.S.C. § 3621(b).

In the light of these statutory provisions, various courts have recognized a district court has no jurisdiction to order home confinement under the CARES Act, as that decision is reserved to BOP. *United States v. Read-Forbes*, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the

---

[1] Available at: https://www.justice.gov/file/1266661/download

COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (same, though noting the district court can make a non-binding recommendation); *United States v. Hembry*, 2020 WL 1821930, *2 (N.D. Cal. Apr. 10, 2020); *United States v. Carter*, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); *United States v. Garza*, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).

The Court therefore concludes that, to the extent McMurray requests home confinement under the CARES Act, the Court is without jurisdiction to grant such a request.

*Conclusion*

For the reasons set forth above,

**IT IS ORDERED** that McMurray's Letter/Motion [Doc. No. 172] is **DENIED** at this time**.**

MONROE, LOUISIANA, this 13th day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE